# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **POVERTY POINT PRODUCE CO.** | **CASE NO. 3:22-CV-01967** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TEXAS EASTERN TRANSMISSION L.P. ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

On December 22, 2022, the Court issued a show cause order indicating that it would recommend remand of this case to state court for lack of subject matter jurisdiction, absent good cause shown within 14 days of the order. [doc. #56]. On January 12, 2023, Defendant Nabors Drilling Technologies USA Inc. ("Nabors") filed its response to the show cause order. [doc. #59]. For reasons assigned below, IT IS RECOMMENDED that the case be REMANDED to the Fifth Judicial District Court, West Carroll Parish, State of Louisiana.

## Background

Plaintiff Poverty Point Produce Co. ("Plaintiff") filed the instant petition for damages in state court on May 23, 2022, alleging that it is unable to grow crops on its land due to Defendants'[1] pipelines, causing loss of income and a decrease in land value. [doc. #1].

On July 1, 2022, Defendants removed the case to federal court on the basis of diversity jurisdiction, which requires complete diversity between the parties. 28 U.S.C. § 1332. On August

---

[1] Defendants originally named in the suit are Gulf South; Southern Natural Gas, LLC; Texas Eastern Transmission, LP ("Texas Eastern"); and United Pipeline Systems, Inc. [doc. #1]. Plaintiff amended its complaint on August 18, 2022, and joined Trunkline Gas Co. LLC as a Defendant. [doc. #21]. Plaintiff voluntarily dismissed Southern Natural Gas on August 18, 2022. [doc. #23]. Plaintiff amended its complaint a second time, on August 26, 2022, and joined Nabors and Delta Drilling Co. ("Delta") as Defendants. [doc. #29]. Plaintiff voluntarily dismissed Texas Eastern on November 23, 2022, and Delta on December 20, 2022. [docs. #45, 54].

13, 2022, Plaintiff filed a motion to amend its complaint to join Trunkline Gas Company, LLC ("Trunkline") as a Defendant. [doc. #18]. In the motion, Plaintiff stated that its counsel had "conferred with and sought consent from counsel for each party to this matter and undersigned counsel has not received any opposition." *Id.* On August 18, 2022, the Court granted Plaintiff's motion, and ordered that the First Amended Complaint be filed in the record. [doc. #20].

On August 25, 2022, Plaintiff again filed a motion to amend its complaint and again indicated that it had not received any opposition to the amendment. [doc. #27]. The undersigned again granted Plaintiff's motion, and the Second Amended Complaint was also filed in the record. [doc. #s 28 & 29].

On December 1, 2022, after conducting a jurisdictional review, the undersigned ordered Plaintiff to file another amendment to its complaint for the limited purpose of establishing diversity jurisdiction. [doc. #49]. On December 19, 2022, Plaintiff filed a Third Amended Complaint ("TAC"). [doc. #52].

Upon review of Plaintiff's TAC, the Court issued the aforementioned show cause order on December 22, 2022. [doc. #56]. Therein, the Court observed that Plaintiff, a citizen of Louisiana, alleges that Defendant Trunkline is also a citizen of Louisiana. [doc. #52, pp. 1, 3]. Thus, the Court indicated that if, as it appears, both Plaintiff and Defendant Trunkline share Louisiana citizenship for purposes of diversity, then the parties are not completely diverse, and the Court may not exercise diversity jurisdiction. [doc. #56].

Defendant Nabors filed its response on January 12, 2023. Therein, it argues that Plaintiff improperly joined Defendant Trunkline because there is no reasonable basis to conclude that Plaintiff can recover against Trunkline. Therefore, according to Nabors, Trunkline is improperly joined, and its citizenship should not be considered for diversity purposes. [doc. #59, pp. 2–3].

## Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–431 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (internal quotation marks omitted)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Miss. River Transmission, LLC v. Nadel & Gussman*, 844 F.3d 495, 497 (5th Cir. 2016) (internal citation and quotations omitted).

Defendants invoked this Court's subject matter jurisdiction exclusively via the diversity statute, which contemplates complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

Upon review of the record, the Court observes that Plaintiff is a citizen of Louisiana. [doc. #52, p. 1]. Plaintiff has sued Trunkline, a Delaware Limited Liability Company with its sole member being Panhandle Eastern Pipeline Company, LP, a Delaware Limited Partnership with at least one of its partners being Energy Transfer Operating, LP, a Delaware Limited Partnership. *Id.* at 2–3. Representations made by counsel for Trunkline indicate the final limited partnership has limited partners who are Louisiana citizens. [doc. #52, Exh. A].

Unincorporated entities, such as LLCs and LPs, are dependent upon the citizenship of all of their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). For each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Finton v. Blackford*, No. 3:21-3586, 2022 WL 611581, at *2 (W.D. La. Feb. 14, 2022); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, Civ. No. 7-0879, 2007 WL 3146363, at *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

Accordingly, as a limited liability company, Trunkline is a citizen of the state of all its partners, including Louisiana. Therefore, both Plaintiff and Defendant Trunkline share Louisiana citizenship for purposes of jurisdiction. Consequently, the parties are not completely diverse, and the Court may not exercise diversity jurisdiction.

Defendant Nabors does not apparently dispute that Trunkline is a citizen of Louisiana. Instead, Nabors argues that the Court should not consider Trunkline's citizenship for purposes of diversity jurisdiction because it is improperly joined. However, the improper joinder doctrine is

4

inapplicable here. "The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Indeed, Fifth Circuit caselaw "reflects that the [fraudulent joinder] doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal.*" *Id.* In *Borden v. Allstate Insurance Company*, 589 F.3d 168, 171 (5th Cir. 2009), the Court explained:

> [W]hen a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine. [*Cobb*, 186 F.3d] at 678. In contrast, a diverse defendant can argue that a post-removal joinder is improper before the court grants the plaintiff leave to amend. *Id.* Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, "[t]he court [loses] subject matter jurisdiction," and remand is required pursuant to 28 U.S.C. § 1447(e).

*Borden*, 589 F.3d at 171.

In this case, Plaintiff sought leave to amend and join Defendant Trunkline *after* removal, on August 13, 2022. [doc. #18]. No Defendant filed any opposition, and the Court granted leave to amend on August 18, 2022, thereby permitting post-removal joinder of non-diverse Defendant Trunkline. [doc. #20]. While the undesigned recognizes that Nabors was **not** a Defendant at the time Plaintiff sought to amend and add Trunkline, other diverse Defendants were already present and had the opportunity to oppose the amendment. Accordingly, the fraudulent joinder doctrine is not available, and, as the parties are not completely diverse, the Court must remand for lack of subject matter jurisdiction.[2] *Borden*, 539 F.3d at 171.

---

[2] As the Fifth Circuit noted in *Borden*, "*Cobb* seems to create a trap for the unwary diverse defendant, or a device exploitable by a clever plaintiff. But the district court, properly apprised of *Cobb*, could have either denied [the non-diverse defendant's] joinder to begin with, or it could have vacated its order of joinder." *Borden*, 539 F.3d at 172. However, in this case, like in *Borden*, no Defendant "timely apprised the court nor sought vacatur." *Id.* In other words, any Defendant could have sought to have the order set aside, but did not do so.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the above-captioned case be **REMANDED** to the Fifth Judicial District Court, West Carroll Parish, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 30th day of January, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE